Peter S. Sloane (PS 7204)
Art C. Cody (AC 5515)
Cameron S. Reuber (to move for admission pro hac vice)
OSTROLENK, FABER, GERB & SOFFEN, LLP
1180 Avenue of the Americas
New York, New York 10036
Telephone: (212) 382-0700
Facsimile:  (212) 382-0888
psloane@ostrolenk.com
acody@ostrolenk.com
creuber@ostrolenk.com

Attorneys for Defendants and Defendant/Counterclaim-Plaintiff Forever 21, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DIANE VON FURSTENBERG STUDIO, LP, | Civil Action No.: |
| Plaintiff/Counterclaim-Defendant, | 07 CV 2413 (VM) |
| v. | |
| FOREVER 21, INC., FOREVER 21 RETAIL, INC., FOREVER 21 LOGISTICS, LLC, FOREVER 21 CAPITAL HOLDINGS, LLC, FOREVER 21 INVESTMENTS, LLC and FOREVER 21 INTERNATIONAL HOLDINGS, INC., | |
| Defendants, | |
| and | |
| FORVER 21, INC., | |
| Defendant/Counterclaim-Plaintiff. | |

**DEFENDANTS' ANSWER TO SECOND**
**AMENDED COMPLAINT AND COUNTERCLAIM**

Defendants Forever 21, Inc., Forever 21 Retail, Inc., Forever 21 Logistics, LLC, Forever

21 Capital Holdings, LLC, Forever 21 Investments, LLC, and Forever 21 International Holdings,

{00849980.1}

Inc. (hereinafter collectively referred to as "Defendants"), by and through their attorneys, hereby answer the Second Amended Complaint of Plaintiff Diane Von Furstenberg Studio, LP (hereinafter referred to as "Plaintiff" or "DVF") as follows:

## THE PARTIES

1. Defendants lack knowledge or information sufficient to admit the truth of the allegations set forth in paragraph 1 and, accordingly, deny the same.

2. Defendants admit the allegations in paragraph 2.

3. Defendants admit that Defendant Forever 21 Retail, Inc. is a California corporation with its principal place of business and executive offices at 2001 S. Alameda Street, Los Angeles, California 90058. Defendants further admit that Defendant Forever 21 Retail, Inc. is doing business throughout the State of New York through its retail stores, with multiple retail store locations in this District. Defendants deny the remaining allegations in paragraph 3.

4. Defendants admit that Defendant Forever 21 Logistics, LLC is a Delaware limited liability company. Defendants deny the remaining allegations in paragraph 4.

5. Defendants admit that Defendant Forever 21 Capital Holdings, LLC has its principal place of business at 2001 S. Alameda Street, Los Angeles, California 90058. Defendants deny the remaining allegations in paragraph 5.

6. Defendants admit that Defendant Forever 21 Investments, LLC is a Delaware limited liability company with its principal place of business at 2001 S. Alameda

Street, Los Angeles, California 90058. Defendants deny the remaining allegations in paragraph 6.

7. Defendants admit that Defendant Forever 21 International Holdings, Inc. is a Delaware limited liability company with its principal place of business at 2001 S. Alameda Street, Los Angeles, California 90058. Defendants deny the remaining allegations in paragraph 7.

8. Defendants admit that the Complaint purports to refer to Forever 21, Inc., Forever 21 Retail, Inc., Forever 21 Logistics, LLC, Forever 21 Capital Holdings, LLC, Forever 21 Investments, LLC and Forever 21 International Holdings, Inc. collectively as "forever 21" or "Defendants."

## JURISDICTION AND VENUE

9. Defendants admit that the Complaint purports to allege an action for copyright infringement under 17 U.S.C. § 501, et. seq., unfair competition and false designation of origin under 15 U.S.C. § 1125(a), unlawful and deceptive acts and practices under N.Y. Gen. Bus. Law § 349, and unfair competition under New York state law. Defendants deny the remaining allegations in paragraph 9.

10. Defendants admit the allegations in paragraph 10.

11. Defendants admit this Court has personal jurisdiction over Defendants Forever 21, Inc. and Forever 21 Retail, Inc. Defendants deny that this Court has jurisdiction over

the remaining Defendants which, upon information and belief, do not do business in the State of New York or otherwise in this District.

12. Defendants admit that venue is proper in this District as to Defendants Forever 21, Inc. and Forever 21 Retail, Inc. Defendants deny the remaining allegations in paragraph 12.

## FACTUAL BACKGROUND

## DVF'S PRODUCTS AND THE SALE OF ITS ALLGEDLY COPYRIGHTED DESIGNS

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and, accordingly, deny the same.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and, accordingly, deny the same.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and, accordingly, deny the same.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and, accordingly, deny the same.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and, accordingly, deny the same.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and, accordingly, deny the same.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and, accordingly, deny the same.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and, accordingly, deny the same.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and, accordingly, deny the same.

22. Defendants admit that the Second Amended Complaint has attached to it an Exhibit A, which the Second Amended Complaint purports is a photograph of DVF's Cerisier dress, Exhibit B, which the Second Amended Complaint purports is a true and correct copy of Registration No. VA-1-395-624 as registered on March 19, 2007, and Exhibit C, which the Second Amended Complaint purports is a true and correct copy of Registration No. VA-1-395-623 as registered on March 19, 2007. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and, accordingly, deny the same.

23. Defendants admit that the Second Amended Complaint has attached to it an Exhibit D, which the Second Amended Complaint purports is a photograph of DVF's Aubrey dress, and Exhibit E, which the Second Amended Complaint purports is a true and correct copy of Registration No. VA-1-395-625 as registered on March 19, 2007. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and, accordingly, deny the same.

24. Defendants admit that the Second Amended Complaint has attached to it an Exhibit F, which the Second Amended Complaint purports is a photograph of DVF's Edith top, an Exhibit G, which the Second Amended Complaint purports is a true and correct copy of Registration No. VAu-711-001 as registered on September 11, 2006, and an Exhibit H, which the Second Amended Complaint purports are photographs of DVF's Parr and Edison dresses. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and, accordingly, deny the same.

25. Defendants admit that the Second Amended Complaint has attached to it an Exhibit I, which the Second Amended Complaint purports are photographs of DVF's Adelaide, Sisley, and Jessica dresses, and an Exhibit J, which the Second Amended Complaint purports is a true and correct copy of Registration No. Vau-704-991 as registered on September 13, 2006. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and, accordingly, deny the same.

26. Defendants admit that the Second Amended Complaint has attached to it an Exhibit K, which the Second Amended Complaint purports are photographs of DVF's Hilleve and Kea dresses which the Second Amended Complaint further purports embody the DVF's Cut Out Tulips design, and an Exhibit L, which the Second Amended Complaint purports is a true and correct copy of the application for copyright registration for the Cut Out Tulips design. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and, accordingly, deny the same.

27. The allegations in Paragraph 27 assert a legal conclusion to which no response is required.

## DEFENDANTS' ALLEGEDLY INFRINGING CONDUCT

28.  Defendants admit that they had no authorization or license from DVF to produce, market, advertise, distribute, offer for sale or sell the items depicted in Exhibit M of the Second Amended Complaint.  Defendants Forever 21, Inc. and Forever 21 Retail, Inc. further admit that, upon initial investigation, they appear to have marketed, advertised, distributed, offered for sale and sold the items depicted in Exhibit M of the Second Amended Complaint in their retail stores.  Defendant Forever 21, Inc. further admits that, upon initial investigation, it appears to have marketed, advertised, distributed, offered for sale and sold the items depicted in Exhibit M of the Second Amended Complaint through its web site at forever21.com.  Defendants deny the remaining allegations in paragraph 28.

29.  Defendants admit that the Second Amended Complaint has attached to it an Exhibit M, which purports to be photographs of Defendants' allegedly infringing products. Defendants deny the remaining allegation in Paragraph 29.

30.  Defendants deny the allegations of Paragraph 30.

31.  Defendants deny any willful conduct.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 31 and, accordingly, deny the same.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement Under 17 U.S.C. §§ 501, et. seq.)

32.  Defendants repeat and reallege the preceding paragraphs as if fully set forth herein.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and, accordingly, deny the same.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 34 and, accordingly, deny the same.

35. Defendants admit the allegations of Paragraph 35.

36. Defendants deny the allegations of Paragraph 36.

37. Defendants deny the allegations of Paragraph 37.

38. Defendants deny the allegations of Paragraph 38.

39. Defendants deny the allegations of Paragraph 39.

**SECOND CLAIM FOR RELIEF**
**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. §§ 1125(a))**

40. Defendants repeat and reallege the preceding paragraphs as if fully set forth herein.

41. Defendants deny the allegations in paragraph 41.

42. Defendants deny the allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

45. Defendants deny the allegations of Paragraph 45.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL AND DECEPTIVE ACTS AND PRACTICES
### (New York State Business Law § 349)

46. Defendants repeat and reallege the preceding paragraphs as if fully set forth herein.

47. Defendants admit that DVF did not authorize or consent to their advertisement, distribution, offer for sale and sale of the items depicted in Exhibit M of the Second Amended Complaint. Defendants deny the remaining allegations in Paragraph 47.

48. Defendants deny the allegations in paragraph 48.

49. Defendants deny the allegations in paragraph 49.

50. Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations of Paragraph 51.

## FOURTH CLAIM FOR RELIEF
## UNLAWFUL COMPETITION UNDER NEW YORK STATE LAW

52. Defendants repeat and reallege the preceding paragraphs as if fully set forth herein.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 53 and, accordingly, deny the same.

54. Defendants deny the allegations in paragraph 54.

55. Defendants deny the allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56.

57. Defendants deny the allegations in paragraph 57.

58. Defendants deny the allegations in paragraph 58.

59. Defendants deny the allegations of Paragraph 59.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

60. Defendants have not infringed any valid copyrights of DVF.

### SECOND AFFIRMATIVE DEFENSE

61. Defendants did not manufacture or otherwise produce any of the designs at issue.

### THIRD AFFIRMATIVE DEFENSE

62. Defendants had no prior knowledge of the DVF Copyrights and the DVF Products.

### FOURTH AFFIRMATIVE DEFENSE

63. The DVF Products are not inherently distinctive.

### FIFTH AFFIRMATIVE DEFENSE

64. The DVF Products do not have any acquired distinctiveness.

## SIXTH AFFIRMATIVE DEFENSE

65. Plaintiff's Second Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SEVENTH AFFIRMATIVE DEFENSE

66. Plaintiff has no copyrightable interest in the subject matter recited.

## EIGHTH AFFIRMATIVE DEFENSE

67. Defendants have not infringed any copyrightable expression of Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

68. Plaintiff's claims are barred, in whole or in part, as the claims were filed for an improper purpose and lack a reasonable and good faith basis in fact.

## TENTH AFFIRMATIVE DEFENSE

69. Plaintiff's state law claims are pre-empted by 17 U.S.C. § 301.

## ELEVENTH AFFIRMATIVE DEFENSE

70. Plaintiff's state law claims are pre-empted by, and inconsistent with, copyright law and the First Amendment to the United States Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

71. Plaintiff has not suffered any compensable damages because Defendants' purported actions have not and are not likely to cause consumer confusion.

## THIRTEENTH AFFIRMATIVE DEFENSE

72. Plaintiff has not suffered any damages because Defendants' purported actions have not deprived Plaintiff of any profits.

## FOURTEENTH AFFIRMATIVE DEFENSE

73. To the extent Plaintiff has suffered damages, any such damages were caused by superceding causes, and not by any act or omission by Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

74. Plaintiff has failed to mitigate its alleged damages, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

75. Plaintiff's damages are barred, in whole or in part, because they are too remote and speculative.

## SEVENTEENTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred, in whole or in part, by the principles of consent, acquiescence, ratification, and/or legal justification.

### NINETEENTH AFFIRMATIVE DEFENSE

78. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

### TWENTIETH AFFIRMATIVE DEFENSE

79. Plaintiff's claims are barred by the doctrine of unclean hands.

### COUNTERCLAIM

As and for its counterclaim, Defendant/Counterclaim-Plaintiff Forever 21, Inc. (hereinafter referred to as "Forever 21") hereby alleges as follows:

### PARTIES

80. Forever 21, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 2001 S. Alameda Street, Los Angeles, California 90058.

81. Upon information and belief, Plaintiff/Counterclaim-Defendant Diane von Furstenberg Studio, LP (hereinafter referred to as "DVF") is a corporation organized and

{00849980.1}                                  13

existing under the laws of the State of New York with its principal place of business at 440 W. 14th St., New York, New York 10014.

## JURISDICTION AND VENUE

82.     This counterclaim arises under the Copyright Laws of the United States, 17 U.S.C. § 101 et seq., and 28 U.S.C. §§ 2201, 2202, and seeks a declaration of copyright invalidity and non-infringement. This Court has jurisdiction over the subject matter of this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

83.     Upon information and belief, DVF is subject to the jurisdiction of this Court. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391.

84.     DVF brought this civil action for, *inter alia,* copyright infringement against Forever 21 in this District. The institution of the suit constitutes the basis for this counterclaim against DVF. There is an actual justiciable controversy between Forever 21 and DVF concerning the validity of one of the copyrights at issue and Forever 21's alleged liability for infringement thereof.

## COUNT I

85.     Forever 21 repeats and realleges the allegations of paragraphs 80 through 84 of its counterclaim as if fully set forth herein.

86.     Upon information and belief, the design of the fabric in the Lexi Tunic dress shown in Exhibit M to the Second Amended Complaint is original and not copied from any other design.

87. Upon information and belief, the design of the fabric in the Lexi Tunic dress shown in Exhibit M to the Second Amended Complaint was designed on or about January 17, 2005.

88. The January 17, 2005 date of creation of the design of the fabric in the Lexi Tunic dress shown in Exhibit M to the Second Amended Complaint precedes the first showing of the Edith blouse, which bears the print design called "Scattered Stones," which is the subject of U.S. Copyright Registration No. VAu-711-001, in September 2006, as alleged in paragraph 24 of the Second Amended Complaint.

89. Upon information and belief, the design of the fabric covered by U.S. Copyright Registration Number VAu711-001 is not original and entitled to protection under the copyright laws.

90. Upon information and belief, the design of the fabric in the Lexi Tunic dress shown in Exhibit M to the Second Amended Complaint does not bear the requisite similarity to any original and protectable elements in the design covered by U.S. Copyright Registration Number VAu711-001.

91. By reason of the foregoing, Forever 21 is entitled to a declaratory judgment that the design of the fabric in the Lexi Tunic dress shown in Exhibit M to the Second Amended Complaint does not infringe U.S. Copyright Registration Number VAu711-001.

**WHEREFORE**, Defendants and Defendant/Counterclaim-Plaintiff Forever 21, Inc. pray for the following relief:

A. Dismissal of the Second Amended Complaint with prejudice;

  B. A declaratory judgment that DVF has not asserted any valid copyright claim in U.S. Copyright Registration Number VAu711-001;

  C. A declaratory judgment that Forever 21, Inc. has not infringed any valid copyright design asserted by DVF in U.S. Copyright Registration Number VAu711-001;

  D. A ruling striking U.S. Copyright Registration Number VAu711-001 as invalid;

  E. An award to Defendants of their attorneys' fees and costs as the prevailing party; and

  F. Such other and further relief as the Court may deem just and proper.

DATED: July 9, 2007
   New York, New York  OSTROLENK, FABER, GERB & SOFFEN, LLP

By: _____
Peter S. Sloane (PS 7204)
Art C. Cody (AC 5515)
Cameron S. Reuber (to move for admission pro hac vice)

1180 Avenue of the Americas
New York, New York 10036
Telephone: (212) 382-0700
Facsimile: (212) 382-0888
psloane@ostrolenk.com
acody@ostrolenk.com
creuber@ostrolenk.com

Attorneys for Defendants and Defendant/Counterclaim-Plaintiff Forever 21, Inc.

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing **DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIM** was served upon counsel for Plaintiff/Counterclaim-Defendant by ECF and First-Class Mail, postage prepaid, this 9th day of July 2007, addressed as follows:

>Harley I. Lewin, Esq.
>Scott D. Gelin, Esq.
>Greenberg Traurig, LLP
>200 Park Avenue, 34th Floor
>MetLife Building
>New York, New York  10166

*Charlene Wilhelmsen*
Charlene Wilhelmsen